UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JIMMY ELLIS CLARK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SUSAN HARNASH, TIM GRAY, STEVE PARKER, WES McCART, and DON DASHIELL,<br><br>　　　　　　Defendants. | No.　2:15-CV-0028-SMJ<br><br>**ORDER DISMISSING CASE** |

　　Before the Court is Plaintiff Jimmy Ellis Clark's notice for removal. ECF No. 4. By separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. ECF No. 3. Plaintiff, proceeding *pro se*, believes that removal of his state case is proper under 28 U.S.C. § 1441(b) and (e) and that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because his claims arise under the Constitution. ECF No. 2 at 2. Plaintiff has not attached his complaint or any other pleading to the Notice of Removal. The Court now dismisses Plaintiff's case as a result various deficiencies.

　　Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), the Court must dismiss a case if the Court determines the action is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who

ORDER **-** 1

is immune from such relief." *See Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (stating "section 1915(e) applies to all *in forma pauperis* complaints"). Here, Plaintiff has not actually filed a complaint and, even with liberal construction, the Notice of Removal does not suffice.

Federal Rule of Civil Procedure 3 establishes that "a civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. A complaint must state a claim for relief, which includes "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a). Plaintiff's Notice of Removal does not contain a statement showing that Plaintiff is entitled to relief. Nor does it contain a demand for the relief sought. This means that Plaintiff has made no legally cognizable claim and that dismissal is proper for failure to state a claim.

Further, the Court does not find that giving Plaintiff an opportunity to file his state court complaint and other related documents would be appropriate. By relevant statute, a civil action "may be removed by the defendant or defendants." 28 U.S.C. § 1441(a). Nowhere in the United States Code is there any express or implied authorization of removal by plaintiffs. Indeed, the Supreme Court has held that the language of the removal statute indicates Congress's intent to authorize removal by defendants only. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104–07 (1941). And so, the Court is disinclined to grant Plaintiff leave

to file his state court complaint. Because removal by Plaintiff is impermissible, the case would still suffer from a fatal defect even if the filing of Plaintiff's complaint cured his failure to state a claim.

Accordingly, **IT IS HEREBY ORDERED**:

1. All claims are **DISMISSED WITHOUT PREJUDICE** with all parties to bear their own costs and attorneys' fees.

2. The Clerk's Office is **DIRECTED** to enter judgment in favor of Defendants.

3. All pending motions are **DENIED AS MOOT**.

4. All hearings and other deadlines are **STRICKEN**.

5. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel and to Plaintiff.

**DATED** this 8th day of May 2015.

_____
SALVADOR MENDOZA, JR.
United States District Judge

Q:\SMJ\Civil\2015\Clark v Harnash et al-0028\sua sponte dismiss lc2 docx

ORDER **-** 3