UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JIMMY ELLIS CLARK,<br><br>                 Plaintiff,<br><br>    v.<br><br>SUSAN HARNASH, TIM GRAY, STEVE PARKER, WES McCART, and DON DASHIELL,<br><br>                 Defendants. | No.  2:15-cv-00028-SMJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Before the Court, without oral argument, is Plaintiff Jimmy Ellis Clark's Motion for Reconsideration, ECF No. 14. Plaintiff, proceeding *pro se*, moves to reconsider this Court's Order Dismissing Case, ECF No. 12. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies Plaintiff's motion.

Federal Rule of Civil Procedure 60(b)(1) states that "the court may relieve a party…from a final judgment, order, or proceeding for…mistake, inadvertence, surprise, or excusable neglect," among other things. The rule allows a party to move for reconsideration. But reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."

ORDER **-** 1

*Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Therefore, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.*

Here, Plaintiff argues that the Court committed clear error in ordering the case's dismissal because: (1) Article III, Section 2 of the United States Constitution grants the Court jurisdiction over the case, (2) Article IV, Section 2 of the United States Constitution grants the Court jurisdiction over the case, (3) the Court stated in a letter that Plaintiff did not need to respond while the Court reviewed the case for management purposes, (4) the First Amendment of the United States Constitution guarantees a right to "redress of grievance," (5) no lawful government exists in the State of Washington and thus Plaintiff cannot be denied his right to a remedy in federal court, and (6) that the Court, pursuant to Federal Rule of Civil Procedure 16, would review the "lower Court" records. ECF No. 14 at 1-2. This Court rejects that these contentions establish any manifest errors.

The Court dismissed the case because Plaintiff failed to file a complaint to commence the civil action as required by Federal Rule of Civil Procedure 3. ECF No. 12 at 2. In addition, the Court found that Plaintiff's attempt to remove the case from state court contained a fatal defect because only a "defendant or defendants"

ORDER **-** 2

can remove a civil action under 28 U.S.C. § 1441(a). ECF No. 12 at 2-3. Plaintiff's litany of arguments does not establish any error much less clear error on the part of the Court in dismissing the case. On the contrary, Plaintiff even concedes that he "may have been wrong as to filing under 28 U.S.C. sec. 1441." ECF No. 14 at 1. Because Plaintiff has not addressed how the Court clearly erred in granting the Order Dismissing Case, the Court finds that it did not commit any clear error and reconsideration is not justified.

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's Motion for Reconsideration, **ECF No. 14**, is **DENIED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Plaintiff and all counsel.

**DATED** this 26th day of May 2015.

_____
SALVADOR MENDOZA, JR.
United States District Judge